IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. ROYAL, JR., | ) |
| Plaintiff, | ) 2:16-cv-1260 |
| v. | ) |
| | ) Judge Marilyn J. Horan |
| THE CITY OF WASHINGTON and ROBERT M. LEMONS, JR., *individually*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Richard A. Royal, Jr., filed suit against Defendants Robert M. Lemons, Jr., and the City of Washington on August 18, 2016. (Compl., ECF No. 1). On January 17, 2017, Plaintiff Royal filed an Amended Complaint, adding Paul Kosey, Jr., as a Defendant. (Am. Compl., ECF No. 10). Plaintiff Royal amended his Complaint again on May 24, 2017, (2d Am. Compl., ECF No. 29), and October 11, 2017, (3d Am. Compl., ECF No. 44). Defendant Kosey filed a Motion to Dismiss the Third Amended Complaint, (ECF No. 45), which was granted at an initial case management conference and motion hearing held on December 4, 2017.

Following discovery, the remaining Defendants, the City of Washington and Lemons, each filed a Motion for Summary Judgment on September 20 and 21, 2018, respectively. (ECF Nos. 63, 66). The parties provided briefs, (ECF Nos. 65, 67, 69–71), and Concise Statements of Facts, (ECF Nos. 64, 72). Plaintiff Royal also filed an additional Appendix in support of his briefs. (ECF No. 73). The Court heard oral arguments on the Motions for Summary Judgment on February 5, 2019.

For the following reasons, Defendants' Motions for Summary Judgment will be granted.

1

# I. Factual Background

On February 26, 2016, Defendant Robert Lemons, Jr., a police officer for the City of Washington, Pennsylvania, was on routine patrol when Paul Kosey, Jr., a City of Washington constable with whom Defendant Lemons had worked in the past, waved him down. (ECF No. 64, at ¶¶ 1, 3–4; ECF No. 44, at ¶ 9). Mr. Kosey informed Defendant Lemons that there was an outstanding bench warrant for the arrest of Plaintiff Royal, who was standing on the sidewalk nearby. (ECF No. 64, at ¶ 4; ECF No. 73, at 2). The bench warrant was issued on January 30, 2006 by the Court of Common Pleas of Washington County, Pennsylvania. (ECF No. 64-1). The bench warrant was still in effect because, as Plaintiff Royal admitted at oral argument, no document had been entered to vacate the bench warrant prior to February 26, 2016. Defendant Lemons and Mr. Kosey approached Plaintiff Royal, and Mr. Kosey asked Plaintiff Royal to identify himself. (ECF No. 64-2, at 11). Upon confirming Plaintiff Royal's identity, Defendant Lemons handcuffed Plaintiff Royal. *Id.* Plaintiff Royal was ultimately arrested and taken to jail. *Id.*

Plaintiff Royal now brings claims under 42 U.S.C. § 1983, alleging in Count I of the Third Amended Complaint that Defendant Lemons subjected him to an unreasonable search and seizure, in violation of the Fourth Amendment, by arresting him without probable cause. (ECF No. 44, at ¶¶ 46–52). Plaintiff also alleges, in Count II of the Third Amended Complaint, that Defendant Lemons deprived him of his liberty without due process of law in violation of the Fourth and Fourteenth Amendments. *Id.* at ¶¶ 54–55. In Count III, Plaintiff Royal alleges that the Defendant City of Washington, acting through its police department, maintained policies, practices, or customs that exhibited a deliberate indifference to Plaintiff Royal's constitutional rights. *Id.* at ¶ 57–63. In particular, Plaintiff Royal alleges that the Defendant City of

Washington failed to adequately supervise and train its officers, including Defendant Lemons. *Id.* at ¶ 59.

Defendants City of Washington and Lemons contend that they are entitled to summary judgment because Plaintiff Royal failed to state a claim for which relief may be granted. (ECF Nos. 63, 66). Specifically, Defendant City of Washington argues that Plaintiff Royal failed to establish the existence of an unconstitutional policy, practice, or custom maintained by the Defendant City. (ECF No. 65, at 5). Defendant Lemons argues that judgment should be entered in his favor regarding the claims against him because he is entitled to qualified immunity. (ECF No. 66, at ¶ 3).

**II. Motions for Summary Judgment**

A. Legal Standard

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id.*

In reviewing and evaluating the evidence, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is

3

entitled to judgment as a matter of law. *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

B. Discussion

Plaintiff Royal brings three claims under 42 U.S.C. § 1983. (ECF No. 44). The first two claims allege that Defendant Lemons violated Plaintiff Royal's Fourth and Fourteenth Amendment rights by unlawfully arresting and imprisoning him without probable cause. *Id.* The third claim alleges that Defendant City of Washington maintained a policy, practice, or customs that violated Plaintiff Royal's constitutional rights. *Id.* Defendant Lemons argues that he is entitled to qualified immunity and is therefore not liable for Plaintiff Royal's alleged injuries. (ECF No. 66, at ¶ 3). Similarly, Defendant City of Washington argues that Plaintiff Royal has not established the existence of an unconstitutional policy, practice, or custom, as required by *Monell*. (ECF No. 65, at 5).

First, to prove a claim under § 1983, a plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). However, a government official—that is, a person who is acting under color of state law—who performs discretionary duties may be entitled to qualified immunity, which would shield him "from civil damages liability as long as [his] actions could reasonably have been thought consistent with the rights [he is] alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Whether such a government official "may be held personally liable for allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.* at 639 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19 (1982)). The issues here, then,

are whether Plaintiff Royal has established that he was deprived of a right secured by the Constitution, and whether such right was clearly established at the time Defendant Lemon's alleged misconduct occurred.

As regards the first issue, a plaintiff alleging § 1983 claims based on illegal arrest and imprisonment must establish that the law enforcement officer acted without probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). An officer has probable cause to arrest "whenever reasonably trustworthy information or circumstances within [his] knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). If a bench warrant has been issued for the arrest of a person, probable cause for arresting that person exists. *Lear v. Phoenixville Police Dep't*, 734 Fed. Appx. 809, 812 n.5 (3d Cir. 2018) (citing cases from 1981 and 2005); *see also Hanks v. County of Delaware*, 518 F. Supp. 2d 642, 649 (E.D. Pa. 2007). Consequently, "any Fourth Amendment argument arising out of the arrest is without merit even if the bench warrant later turns out to be invalid." *Hanks*, 518 F. Supp. 2d at 649. Additionally, an officer may "rely on an instruction to arrest delivered by other officers possessing probable cause," *United States v. Burton*, 288 F.3d 91, 99 (3d Cir. 2002), and thus generally does not need to independently verify the existence of a bench warrant. As regards the second issue, it is plain from the cited case law that the foregoing was clearly established prior to Plaintiff Royal's 2016 arrest.

Here, the rights that Plaintiff Royal alleges have been violated are his right to be free from unreasonable searches and seizures and his right to not be deprived of his liberty without due process of law. (ECF No. 44). In particular, Plaintiff Royal alleges that Defendant Lemons did not have probable cause to stop, detain, and ultimately arrest and imprison Plaintiff Royal.

5

*Id.* In his brief opposing the Motions for Summary Judgment, Plaintiff Royal alleges that Mr. Kosey was misinformed about the existence of a bench warrant for Plaintiff Royal's arrest, and argues that Defendant Lemons should have independently confirmed that a bench warrant existed. (ECF No. 69, at 2, 7). However, Defendants Lemons and the City of Washington produced a copy of the January 30, 2006 bench warrant, subpoenaed from the Washington County Correctional Facility in the course of discovery. (ECF No. 64-1). Although Plaintiff Royal argues that an active warrant did not exist at the time of his 2016 arrest, (ECF No. 69, at 10), he acknowledged at the motion hearing before this Court that he has found no document proving that the bench warrant was vacated prior to his arrest. As such, Plaintiff Royal has established no question of material fact concerning the issue, and the bench warrant was still valid at the time of Plaintiff Royal's arrest. Thus, there is no question of fact that Defendant Lemons had probable cause to stop and ultimately arrest Plaintiff Royal. Because Defendant Lemons acted with probable cause, Plaintiff Royal's claims for unlawful arrest and imprisonment fail.

Next, Defendant City of Washington argues that judgment should be entered in its favor because it cannot be held liable under *Monell*. (ECF No. 65, at 5). In *Monell*, the Supreme Court held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). As the Third Circuit explained, "A municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Mann v. Palmerton Area Sch. Dist.*, 872 F.3d 165, 175 (3d Cir. 2017). It follows that where a plaintiff has not established constitutional violation, the plaintiff cannot

establish unconstitutional policy or custom. Accordingly, just as Plaintiff Royal's claims against Defendant Lemons fail, the claim against Defendant City of Washington also fails because Plaintiff Royal has not established, and cannot establish, that his constitutional rights have been violated.

In sum, Plaintiff Royal has not established that Defendants violated his constitutional rights. Plaintiff Royal thus fails to make a sufficient showing on an essential element of his case, of which he has the burden of proof. Therefore, Defendants Lemons and the City of Washington are entitled to judgment as a matter of law.

THEREFORE, the Motions for Summary Judgment, filed by Defendant Lemons and Defendant City of Washington, are hereby GRANTED. Accordingly, judgment will be entered in Defendants' favor.

IT IS SO ORDERED.

DATE February 7, 2019

Marilyn J. Horan
United States District Judge